# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of February, two thousand sixteen.

PRESENT:
> RALPH K. WINTER,
> PETER W. HALL,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

———————————————————————

In re: Richard H. Friedberg,

> *Debtor*.

———————————————————————

Richard H. Friedberg,

> *Debtor-Appellant*,
>
> v.

                                    **15-779**

Melissa Zelen Neier,

> *Chapter 7 Trustee-Appellee*.

———————————————————————

| | |
|---|---|
| **FOR DEBTOR-APPELLANT:** | Richard H. Friedberg, *pro se*, Vero Beach, FL. |
| **FOR APPELLEE:** | Melissa Zelen Neier, Esq., Ivey, Barnum & O'Mara LLC, Greenwich, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Covello, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Debtor-Appellant Richard H. Friedberg, proceeding *pro se*, appeals the judgment of the district court affirming the bankruptcy court's order approving a settlement of all claims against his bankruptcy estate. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We conduct a plenary review when a bankruptcy appeal reaches us after district court review of the bankruptcy court order, assessing the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error. *In re N. New England Tel. Operations LLC*, 795 F.3d 343, 346 (2d Cir. 2015).

"[T]o have standing to appeal from a bankruptcy court ruling, an appellant must be a person aggrieved—a person directly and adversely affected pecuniarily by the challenged order of the bankruptcy court." In re Barnet, 737 F.3d 238, 242 (2d Cir. 2013) (internal quotation omitted). "[A] Chapter 7 debtor is a 'party in interest' and has standing to object to a sale of the assets, or otherwise participate in litigation surrounding the assets of the estate, only if there could be a surplus after all creditors' claims are paid." *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000).

Upon review, we conclude that the bankruptcy court correctly held that Friedberg lacked standing to oppose the approval of the settlement agreement because he had no pecuniary interest directly and adversely affected by the bankruptcy court's order adopting the settlement. The settlement provided for the distribution to Friedberg's creditors of the proceeds from the sale of the

estate's real property in Cortland Manor, New York (the "Property"). The Property was sold for $2.3 million. After accounting for administrative expenses, just over $1.9 million remained for distribution to creditors pursuant to the proposed settlement. This amount was far less than the allowed creditor claims against the estate; the priority claim of Marianne Howatson alone was for $2.725 million. The bankruptcy court therefore found that a surplus after payment of the creditors' claims was a mathematical impossibility. This finding was not error, much less clear error. Consequently, Friedberg could not have received a distribution from the estate regardless of the terms of the settlement. His only other interest in the settlement proceedings was an exemption he had claimed, which was provided for in the settlement agreement. Absent an adversely affected pecuniary interest, Friedberg lacked standing to oppose the settlement. *See In re Barnet*, 737 F.3d at 242–43; *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d at 115–16.

Friedberg argues that he has standing based on the surplus that he imagines would have remained had the Property been sold for what he believes was its true value. This argument is without merit. The assertions regarding the Property's "true" value are conclusory and speculative. They are, moreover, irrelevant to this appeal. Friedberg's arguments do not relate to the reasonableness of the bankruptcy court's approval of the settlement, but to the validity of the auction sale that produced the proceeds distributed by the agreement. However, he has already unsuccessfully appealed the bankruptcy court's order authorizing the sale of the Property. The district court dismissed that appeal as barred by 11 U.S.C. § 363(m). "Th[at] section creates a rule of 'statutory mootness,' which bars appellate review of any sale authorized by 11 U.S.C. § 363(b) or (c)," as was the case here, "so long as the sale was made to a good-faith purchaser and was not stayed pending appeal." *In re WestPoint Stevens, Inc.*, 600 F.3d 231, 247 (2d Cir. 2010)

3

(internal citations omitted). When § 363(m) is applicable, courts "may neither reverse nor modify the judicially-authorized sale." *Id.* at 248 (emphasis omitted). Here, the sale of the Property was not stayed pending appeal, and, as found by the district court, there is no basis upon which to conclude that the purchaser was not a purchaser in good faith. Consequently, the sale of the Property is immune to Friedberg's challenge, and he cannot rely on its alleged deficiencies to cure his lack of standing.

We have considered all of Friedberg's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4